TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00604-CV






Erik Leonard, Appellant



v.



John Cornyn, Attorney General of Texas; The Harris County-Houston Sports

Authority; Harris County; and City of Houston, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. GN0-00717, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Erik Leonard, proceeding pro se, appeals from the trial-court judgment dismissing
for want of subject-matter jurisdiction his action for declaratory relief against John Cornyn, in his
official capacity as Attorney General of Texas, the City of Houston, Harris County, and the Harris
County-Houston Sports Authority (collectively, the "Authority"). We will affirm the judgment.

 In a November 1996 election, the voters of Harris County and the City of Houston
approved resolutions authorizing the City and County to exercise certain powers pertaining to the
financing, establishing and operating of recreational facilities and parks. Those subdivisions were
authorized to create a joint board and issue bonds for the purposes indicated. Tex. Loc. Gov't Code
Ann. §§ 332.002-.005, .021 (West 1999). Following the election, the City of Houston and Harris
County established the Harris County-Houston Sports Authority, a joint board. Shortly thereafter,
the legislature enacted Chapter 334 of the Local Government Code. Act of May 23, 1997, 75th Leg.,
R.S., ch. 1, §§ 1-10, 1997 Tex. Gen. Laws 1929-1954. Chapter 334 authorizes municipalities and
counties of a specified population classification to issue and sell bonds to finance the construction
of arenas, coliseums, and stadiums for professional sports teams under conditions and procedures
specified in the chapter. The bonds may only be secured by and redeemed from revenue derived
from taxes specified in the chapter. Before the bonds may issue, the bonds and the proceedings
authorizing them must be submitted to the Attorney General for examination and approval. Tex.
Loc. Gov't Code Ann. § 334.043(b) (West 1999); see generally David B. Brooks, 35 Texas Practice: 
County and Special District Law §§ 17.16, .17 at 584-85 (1989). Although chapter 334 ordinarily
requires approval of the electorate of bonds proposed to be issued under that chapter's authority, that
chapter contained a "grandfather" clause to exempt bonds backing new or renovated sports facilities
if the election authorizing that construction was held before the effective date of the Act. See Act
of June 2, 1997, 75th Leg., R.S., ch.551, § 7, 1997 Tex. Gen. Laws 1929, 1953.

 In August 1998, appellant sued in Travis County cause number 98-09828, requesting
declaratory relief that the bonds by the Authority were invalid because no election to approve those
bonds had been held. (1) The trial court dismissed that suit for want of jurisdiction. This Court
affirmed that dismissal in Leonard v. Cornyn, No. 03-99-00110-CV, 1999 Tex. App. LEXIS 7412
(Tex. App.--Austin Oct. 7, 1999, pet. denied), cert. denied, 531 U.S. 1081 (2001).

 In March 2000, appellant brought the suit underlying this appeal, which seeks a
declaration of invalidity for bonds backing the construction of a football stadium. In a general order,
the trial court dismissed for want of subject-matter jurisdiction. Appellant brings seven points of
error urging that the trial court erred in dismissing for want of jurisdiction and attacking various
possible bases for that dismissal. Specifically, he urges that the trial court erred in dismissing for
want of jurisdiction based on: failure to request injunctive relief along with declaratory relief; res
judicata because no ruling by any court shows any issue in this case has been resolved; improper
venue; sovereign immunity; lack of an allegation of unique injury; lack of an allegation of
particularized injury; and including a request for mandamus relief as part of the suit.

 Contrary to appellant's assertion that no court has resolved any issue in the case, this
Court did exactly that in Leonard v. Cornyn. Appellant's request for declaratory judgment in this
case involves the same 1996 election, the same 1997 legislation, and the same contention that voter
approval of the bonds authorized pursuant to the 1996 election is required. This suit simply attacks
a different sports venue. (2) The Court's opinion in Leonard v. Cornyn extensively discussed the
interplay between chapters 32 and 34 of the Local Government Code, the "grandfather clause"
applicable to bonds issued for these venues, the bond-approval process, and the incontestability
provisions incorporated in chapter 34 that deprived the court of subject-matter jurisdiction. Leonard,
slip op. at 9, 1999 Tex. App. LEXIS at * 13. Leonard draws our attention to no distinction based on
a different physical venue, and we see none.

 Accordingly, for the reasons given in Leonard v. Cornyn, we overrule Leonard's
seven points of error and affirm the trial court's dismissal for want of jurisdiction.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Puryear

Affirmed

Filed: August 9, 2001

Do Not Publish

1. The August 1998 suit pertained to bonds for the construction of a new baseball stadium.
2. This suit attacks the construction of a football stadium as opposed to a baseball stadium in the
prior suit.


h. 1, §§ 1-10, 1997 Tex. Gen. Laws 1929-1954. Chapter 334 authorizes municipalities and
counties of a specified population classification to issue and sell bonds to finance the construction
of arenas, coliseums, and stadiums for professional sports teams under conditions and procedures
specified in the chapter. The bonds may only be secured by and redeemed from revenue derived
from taxes specified in the chapter. Before the bonds may issue, the bonds and the proceedings
authorizing them must be submitted to the Attorney General for examination and approval. Tex.
Loc. Gov't Code Ann. § 334.043(b) (West 1999); see generally David B. Brooks, 35 Texas Practice: 
County and Special District Law §§ 17.16, .17 at 584-85 (1989). Although chapter 334 ordinarily
requires approval of the electorate of bonds proposed to be issued under that chapter's authority, that
chapter contained a "grandfather" clause to exempt bonds backing new or renovated sports facilities
if the election authorizing that construction was held before the effective date of the Act. See Act
of June 2, 1997, 75th Leg., R.S., ch.551, § 7, 1997 Tex. Gen. Laws 1929, 1953.

 In August 1998, appellant sued in Travis County cause number 98-09828, requesting
declaratory relief that the bonds by the Authority were invalid because no election to approve those
bonds had been held. (1) The trial court dismissed that suit for want of jurisdiction. This Court
affirmed that dismissal in Leonard v. Cornyn, No. 03-